REUBEN KIDDER *versus* NEHEMIAH FLAGG.

Where the declaration is upon a special contract, the contract must be proved as set forth, or the plaintiff cannot recover. If, therefore, the evidence, in reference to the contract and the supposed breach thereof, is altogether variant from what is set out in the declaration, a verdict for the plaintiff, not being warranted by the evidence, must be set aside and a new trial granted.

ON report of the presiding Judge, and on motion for a new trial because the verdict was against the evidence.

The evidence at the trial was all given in the report, but is wholly unnecessary to be seen, in order to understand the questions of law.    The following is the conclusion of the report : —

" Upon the foregoing evidence, which is reported with reference to the motion for a new trial, the defendant's counsel contended that even if the jury should find, that the defendant was a forwarding merchant, the plaintiff could not recover against him by reason of his not having forwarded the starch by any vessels which sailed prior to the 26th Nov. unless he also proved that it was known to the defendant that such vessels were about to sail, and also that they could have taken the same, if they had been applied to.    On this point, the Court instructed the jury, that to charge the defendant with neglect, in not forwarding the starch, or a part thereof, earlier, they should be satisfied that the defendant knew that a seaworthy vessel or vessels which could have taken it, sailed earlier than the Zephyr.    Or if such vessel or vessels were filled with freight, over which the defendant had no control, when he had the first knowledge, that such was in port and about to sail, or with freight put on board by him, which the owners thereof were entitled to have carried before that of the plaintiff, he was not guilty therein of neglect ; but submitted to the jury as a question of fact, whether they might not infer, that such vessel or vessels were not so filled or were seaworthy, if there were no facts showing the contrary, and it were proved to them the defendant had full opportunity to know the condition of such vessel or vessels.

" The defendant's counsel also contended, that if the jury should be of opinion that the defendant was justified in sending the starch by the Zephyr, on 26th of Nov. and might have forwarded it by an earlier vessel, he would only be liable for the damage sustained by the delay in its not reaching Boston at the time such vessel arrived, and the time it would have reached there if the Zephyr had not been lost, and that he was not liable for the value of the starch.

2. " The Court instructed the jury that if the defendant was guilty of neglect in not sending the starch, or any part of it, earlier, so as to be liable, the damages would be the loss which was caused to the plaintiff directly by such neglect. The defendant's counsel also contended that the defendant was not a forwarding merchant, nor liable as such, but at most was a gratuitous agent in the shipment, not responsible except for gross negligence.

3. " But I instructed the Jury that to constitute a forwarding merchant, he is one who holds himself out to the public as a receiver of goods generally, to be forwarded for a compensation; the compensation may be by direct payment, or by commissions, or by performing the service without charge therefor by name, but in consideration that the owners of the goods patronize him in storing their goods in his store house or permit them to be carried in vessels in which he is interested.

" If any of the foregoing instructions were erroneous in any material respect, the verdict, which was for the plaintiff, is to be set aside and a new trial granted, otherwise judgment to be rendered on the verdict unless the motion for a new trial should prevail.                    " JOHN S. TENNEY."

There was no copy of the declaration among the papers, which came into the hands of the Reporter, nor of any paper showing, that any verdict had been rendered, except the mere statement that a motion for a new trial had been made. The opinion supplies this omission.

*Evans* and *North* argued for the defendant, contending that the defendant was entitled to a new trial on account of the

errors in the instructions by the Judge, and also because of the error of the jury in returning the verdict they did, under those instructions.

They cited 1 Greenl. Ev. § 74, 78, 81 ; 12 Pick. 177 ; 10 Metc. 365 ; 2 Pick. 621 ; Chitty on Con. 870; 2 Fairf. 504 ; 17 Mass. R. 31 ; 5 B. & A. 171 ; 9 Pick. 59; 2 Greenl. 8.

*Bronson* and *J. S. Abbott*, for the plaintiff, in their arguments, insisted, that there was no error, either in the instructions of the Judge or in the finding of the jury.

The opinion of the Court, Shepley J. not being present at the argument, and taking no part in the decision, was drawn up by

Whitman C. J. — According to the report of the case the verdict was found for the plaintiff on the fifth count in the writ. That count is on a special contract. It avers, that on the first day of October, 1846, the plaintiff delivered to the defendant fifty-nine casks of starch, to be forwarded to the consignee of the plaintiff in Boston, which the defendant agreed to forward by the first vessel sailing, thereafter, for that place from Augusta ; and for breach of the contract it is alleged, that, from said first day of October, till the twenty-seventh day of November following, the defendant neglected to forward the same ; and that the starch was then put on board of a vessel call the Zephyr, which, on its passage from Augusta, was, with the cargo on board, totally lost ; and that other vessels sailed from Augusta to Boston after the said first of October and prior to the sailing of the Zephyr.

It is quite a familiar principle of law, that a contract must be proved as set forth. Yet it was not pretended at the trial that it was proved, that any starch had been delivered on said first day of October by the plaintiff, or any one in his behalf, to the defendant. All the evidence of any delivery of starch was, that fifty-nine casks were forwarded, by the plaintiff to the defendant, in small parcels, of from four to six casks each, on different days, from Oct. 23d to the 21st of November following, when the last parcel was delivered. And the first

direction of which there was any evidence to ship the starch to Boston, was contained in a letter from the plaintiff to the defendant, under date of Nov. 3, 1846. In it the plaintiff merely expresses a wish to have the starch sent to Boston as soon as there might be an opportunity; and concludes by saying, "I shall have fifty casks in all at your place in the course of ten days, which I want sent as soon as it arrives." "It," here would seem to refer to the fifty casks; and hence the defendant would not be liable to the imputation of negligence, if, before shipping any to Boston, he had waited till the fifty casks had arrived. By whom this letter was sent, or when it reached the defendant, does not appear. When the last parcel was sent, on the 21st of November, it was accompanied with a letter, in which the plaintiff directed, that it should be "put on board, with the rest" of his starch, for his consignee in Boston. Thus, the first letter, and this clause in the second, indicate a wish to have the several parcels sent together to the consignee. Yet in the last he, in conclusion, requests to be informed how much starch had been shipped, and by what vessels as he wished to draw on his consignee in anticipation of the avails from sales. This proof has no tendency to establish the contract set forth. The contention on the part of the plaintiff now is, that the defendant was bound to have shipped the parcels as they were received as soon after receiving them as might be practicable. The contract set out in the fifth count, is to no such effect; and the breach set out is, that the defendant did not send the fifty-nine casks as soon after the said first of October as might have been practicable.

The evidence therefore, in reference to any contract, and the supposed breach thereof was altogether variant from what is found to be set out in the count relied upon; and therefore a new trial must be granted, the verdict not being warranted by the evidence.